[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
Introduction
The instant case concerns an action for possession of the retail portion of a commercial bakery alleging nonpayment of rent. On February 22, 1991 the defendant filed a Motion to Dismiss alleging lack of jurisdiction due to defective service of a Notice to Quit. The physical configuration of the defendant's premises is unusual in that 224 Allen Street, New Britain, Connecticut consists of two separately owned but connecting buildings: one the retail store and the other the commercial bakery. Both landlords have filed actions for possession. This case is a companion case to Kroopnick v. Shoshie Baking Co., SPH 9007-56399 and this court takes judicial notice of that case. The court further notes that during a prejudgment remedy proceeding in Kroopnick it heard substantial testimony by the parties. The parties in this CT Page 2147 matter argued the present motion on February 27, 1991 without producing witnesses presumably based on this court's familiarity with the facts from the other case.
 II.
Discussion
The Notice to Quit is directed to "Shoshie Baking Company c/o Gary Ohlbaum, President." The sheriff's return indicated that he served the Shoshie Baking Company by leaving the Notice to Quit in the hands of Gary Olbaum at the commercial premises. The writ, summons and complaint was later served on the defendant company by leaving the papers with "Dawn, Secretary duly authorized." The defendant argues that service upon Gary Olbaum renders the Notice to Quit defective for two reasons: (a) Mr. Ohlbaum is neither an officer nor a director of the company and (b) there is no indication that the Notice to Quit was served at the premises.
General Statutes Section 47a-23a governing service of the Notice to Quit states:
 "A copy of such notice shall be delivered to each lessee or occupant or left at his place of residence or, if the rental agreement or lease concerns commercial property, at the place of the commercial establishment by a proper officer or indifferent person."
Since this case involves commercial property, the Notice to Quit need only be left at the commercial establishment. As the sheriff's return clearly indicates that the Notice to Quit was served at 224 Allen Street, New Britain, defendant's second argument must therefore fail.
The defendant notes that the statute allows for abode service at the commercial establishment. It argues however that there must still be service on someone connected to the corporation as set forth in General Statutes 52-57(c). General Statutes 47a-23 (a) does not, of course, refer to Section 52-57 (c). As one court has noted, "the general rule is well established that where a specified mode of giving notice is prescribed by statute, that method is exclusive." Windsor Properties, Inc. v. Great Atlantic Pacific Tea Co.,35 Conn. Sup. 297, 301 (1979). In that case, service not in compliance with General Statutes 47a-23 but in compliance with General Statutes 52-57 and 53-400 was held to not confer jurisdiction on the court. Service under these latter. statutes did not meet the statutory requirements of General CT Page 2148 Statutes 47a-23. But see, Michaely v. Mianus Marine, Inc., SPNO 8612-05499, West J. (June 10, 1987) (SNBR-298). Nothing in General Statutes 47a-23 requires service of a Notice to Quit on the specific individuals listed in General Statutes52-57.
In the present case, the Notice to Quit was left with Gary Ohlbaum at the commercial premises. The parties stipulated that he was not the president of the company. Counsel acknowledged at this hearing and this court heard testimony in the Kroopnick matter that Mr. Ohlbaum was an of the company. Moreover, this court is also aware from that hearing of Mr. Ohlbaum's other connections to the company, including but not limited to, being the husband of the sole owner of Shoshie Baking Co., being the part owner of the other part of the commercial premises (and thus the landlord of the company) and being the person preparing the other lease and negotiating other arrangements with the company.
Finally, Mr. Ohlbaum is represented in the companion law suit by the company's counsel in this case. This court is convinced that serving the Notice to Quit upon this employee "at the place of the commercial establishment" satisfies the statute.
 III.
Conclusion
The Motion to Dismiss is denied.
BERGER, J.